UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John Doe, | File No. 22-cv-00752 (ECT/DTS) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Alejandro Mayorkas, <br> U.S. Department of Homeland Security, <br> U.S. Citizenship and Immigration Services, <br> and Laura Zuchowski, | |
| Defendants. | |

---

Nicholas Ratkowski, Contreras & Metelska, P.A., Saint Paul, MN, for Plaintiff John Doe.

Ana H. Voss, U.S. Attorney's Office, Minneapolis, MN, and Tashiba Monique Peoples, U.S. Department of Justice – Civil Division, Washington, DC, for Defendants Alejandro Mayorkas, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, and Laura Zuchowski.

---

Plaintiff John Doe, a Mexican citizen, entered the United States unlawfully in 2003. Compl. ¶¶ 24–25 [ECF No. 1]. In September 2012, he applied to United States Citizenship and Immigration Services ("USCIS") for a temporary designation as a U-nonimmigrant. *Id.* ¶ 26. From October 2014 through September 2018, he was designated by USCIS as living in the United States lawfully as a U-nonimmigrant. *Id.* ¶ 27. As his U-nonimmigrant status was about to expire in September 2018, he applied to USCIS for a status extension. *Id.* ¶ 28. Then, in May 2019, he applied for status as a lawful permanent resident. *Id.* ¶¶ 28, 36. In February 2020, USCIS denied his application for an extension as it determined financial hardship was insufficient as a necessary "exceptional circumstance" to justify it.

*Id.* ¶ 31.  Then, citing that his status as a U-nonimmigrant had expired in September 2018, USCIS denied his application to become a lawful permanent resident in September 2020. *Id.* ¶¶ 41–42.

Doe sued, alleging that USCIS's denials of his applications violated the Administrative Procedure Act ("APA"), the Immigration and Nationality Act ("INA"), and the Due Process Clause, and were the basis for mandamus relief.  *Id.* ¶¶ 99–164. Defendants moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), and failure to state a claim under Rule 12(b)(6).  ECF No. 24.

Two jurisdiction-stripping statutes apply to Doe's claims.  First, 8 U.S.C. § 1252(a)(2)(B)(i) strips the Court of jurisdiction to review Doe's claims relating to USCIS's denial of his application for an adjustment of status to become a lawful permanent resident. Second, 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court of jurisdiction to review Doe's claims relating to USCIS's denial of his application to extend his U-nonimmigrant status.  As a result, Defendants' motion to dismiss for lack of subject-matter jurisdiction will be granted.

I

Plaintiff John Doe[1] is a native and citizen of Mexico who resides in the United States.  Compl. ¶¶ 24–25.  Doe entered the United States unlawfully in 1998 and returned to Mexico in May 2003.  *Id.* ¶ 25.  He reentered the United States in June 2003 but was apprehended at the border and returned to Mexico.  *Id.*  That same month, Doe once again unlawfully entered the United States.  *Id.*  He has remained in the United States since.  *Id.*

---

[1]     Plaintiff is referred to as "John Doe" in order to protect his identity, in accordance with 8 U.S.C. § 1367(a)(2).

On September 25, 2012, Doe applied for U-nonimmigrant status by submitting a Form I-918 to USCIS. *Id.* ¶ 26. U-nonimmigrant status provides temporary immigration benefits to noncitizens who are victims of qualifying criminal activity. 8 U.S.C. § 1101(a)(15)(U). USCIS approved his U-nonimmigrant status for a four-year period beginning on October 1, 2014 and ending on September 30, 2018. *Id.* ¶ 27.

On September 13, 2018, Doe submitted to USCIS a Form I-539, Application to Extend/Change Nonimmigrant Status, seeking to extend his U-nonimmigrant status under 8 U.S.C. § 1184(p)(6). *Id.* ¶ 28. In this application, Doe claimed that financial hardship had prevented him from filing a Form I-485 application for adjustment of status. *Id.* ¶ 28. A Form I-485 is the form used to apply for status as a lawful permanent resident. USCIS responded to Doe on April 19, 2019, with a Request for Evidence, informing him that it did not consider financial hardship to be an exceptional circumstance for an extension of his U-nonimmigrant status. *Id.* ¶ 31.

On May 14, 2019, Doe filed a Form I-485, seeking to adjust his status from a U-nonimmigrant to a lawful permanent resident. *Id.* ¶¶ 28, 36. Doe then responded to USCIS's Request for Evidence on May 20, 2019, reasserting that he was eligible for an extension of his U-nonimmigrant status. *Id.* ¶ 35. On February 27, 2020, USCIS denied Doe's I-539 application. *Id.* ¶ 39. Then, on September 28, 2020, USCIS denied Doe's I-485 application, stating that he had "not establish[ed] [his] eligibility" as his U-nonimmigrant status expired on September 30, 2018, and thus he did not have U-nonimmigrant status when he filed his Form I-485 in May 2019. *Id.* ¶¶ 41–42.

Doe filed suit on March 27, 2022, and he named four Defendants: 1) Alejandro

Mayorkas in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"); 2) DHS; 3) USCIS; and 4) Laura Zuchowski in her official capacity as Director of the Vermont Service Center of USCIS. *Id.* ¶¶ 18–21. USCIS is an agency of DHS that adjudicates applications related to U-nonimmigrant applications and inadmissibility waivers, as well as conducts revocation proceedings. *Id.* ¶ 20. The Vermont Service Center is the office of USCIS that adjudicates applications seeking, adjusting, and waiving inadmissibility of U-nonimmigrant status. *Id.* ¶ 21. Doe alleges that Defendants' denial of his I-539 and I-485 applications resulted in violations of the APA (Counts One, Three, and Four) and the INA (Counts Six and Seven). Doe has expressly waived his pattern and practice claim (Count Five) and his constitutional claim (Count Eight), and he has also waived his retroactive denial claim (Count Two) by failing to respond to Defendants' arguments. ECF No. 34 at 47; *Espey v. Nationstar Mortg., LLC*, No. 13-2979, 2014 WL 2818657, *11 (D. Minn. June 19, 2014).

Defendants have moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or alternatively for failure to state a claim on which relief can be granted under Rule 12(b)(6). ECF No. 24.

II

Begin with subject-matter jurisdiction. When reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a court must first determine whether the movant is making a "facial" attack or a "factual" attack. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914–15 (8th Cir. 2015). Where, as here, the movant limits its attack to the face of the complaint, the attack is a facial challenge to subject-matter

4

jurisdiction and "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 914 (citations omitted). In analyzing a facial attack, the Court "restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).

The jurisdictional analysis can be divided into two categories. First is subject-matter jurisdiction over claims relating to USCIS's denial of Doe's I-485 application. Second is subject-matter jurisdiction over claims relating to its denial of his I-539 application. In both instances, subject-matter jurisdiction is absent.

A

Consider first whether there is subject-matter jurisdiction over Doe's claims relating to USCIS's denial of his I-485 application for adjustment of status from a U-nonimmigrant to lawful permanent residency. Doe claims that he was eligible for an adjustment of status under 8 U.S.C. § 1255(m) when he applied on May 14, 2019. Compl. ¶ 37. In Counts Three, Four, and Nine, Doe claims that the denial of his application was arbitrary, capricious, an abuse of discretion, and a basis for mandamus relief. Compl. ¶¶ 97–98, 163–64.

Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(i) strips the Court of subject-matter jurisdiction to review a decision relating to an adjustment of status under 8 U.S.C. § 1255(m). The statute provides:

> **(B) Denials of discretionary relief.** Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
> **(i)** any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title.

8 U.S.C. § 1252(a)(2)(B)(i). Defendants argue that Doe's application for discretionary relief under § 1255(m) falls within this jurisdictional bar. *Id.*

The Supreme Court recently explained the reach of § 1252(a)(2)(B)(i) in *Patel v. Garland*, 142 S. Ct. 1614 (2022). In *Patel*, the Court affirmed the denial of a nonimmigrant's application for adjustment to lawful permanent residency status in a removal proceeding. *Id.* While the Court's holding was limited to the review of judgments made in removal proceedings, it provided guidance on interpreting this jurisdiction-stripping provision. *See id.* at 1626–27.

The Court broadly interpreted the phrase "any judgment" in § 1252(a)(2)(B)(i) to "encompass[] not just 'the granting of relief' but also any judgment *relating to* the granting of relief," to include factual findings. *Id.* at 1622 (emphasis in original). As a result, § 1252(a)(2)(B)(i) strips federal courts of jurisdiction over judgments related to the denial of an adjustment of status under § 1255. *Id.* This interpretation, the Supreme Court explained, is bolstered by the statute's inclusion of § 1252(a)(2)(D) which carves out an exception to the broader rule for review of constitutional claims and questions of law. *Id.* at 1623.

USCIS's denial of Doe's I-485 application was a judgment relating to the granting of relief under § 1255(m) and thus is within the "any judgment" language of this jurisdictional bar. *See id.* at 1622. Although the denial was a decision made by USCIS

6

outside a removal proceeding, it is firmly within the plain language of the statute. The introduction of 8 U.S.C. § 1252(a)(2)(B)(i) states that it applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B).

Decisions from the Eighth Circuit and this District support this interpretation of § 1252(a)(2)(B)(i). The most applicable of these is *J.M.O. v. United States*, in which the Eighth Circuit affirmed a decision denying a Mexican citizen's challenge to a decision by USCIS to deny his I-485 application due to lack of subject-matter jurisdiction. 3 F.4th 1061 (8th Cir. 2021). Similarly, the plaintiff had attempted to adjust his U-nonimmigrant status to lawful permanent residency under 8 U.S.C. § 1255(m). *Id.* The court found that the denial of an I-485 application under § 1255(m) is a decision "regarding the granting of relief" under 8 U.S.C. 1252(a)(2)(B)(i). *Id.* at 1063. As a result, the Eighth Circuit held that the Court lacked jurisdiction based on the plain language of § 1252(a)(2)(B)(i). *Id.* Similarly, *Orwa A. v. Whitaker* determined that USCIS's decision to deny a request for relief under § 1255(i) was a "judgment" under § 1252(a)(2)(B)(i) and triggered the jurisdictional bar. No. 18-cv-2043, 2018 WL 6492353, **7–8 (D. Minn. Dec. 10, 2018), *aff'd, Al-Saadoon v. Barr*, 973 F.3d 794, 802 (8th Cir. 2020).

Doe points out that *J.M.O.* declined to decide whether § 1252(a)(2)(B)(i) would apply to a nondiscretionary denial of relief under § 1255(m). *J.M.O.*, 3 F.4th at 1064 n.3. Yet this issue was resolved by *Patel*. 142 S. Ct. at 1623–24. There, the Court held that § 1252(a)(2)(B)(i) is not limited to discretionary judgments, as the jurisdictional bar applies to "any judgment." *Id.* at 1624 ("Had Congress intended instead to limit the jurisdictional

bar to 'discretionary judgments,' it could easily have used that language—as it did elsewhere in the immigration code.").

*Patel* also includes *dicta* that supports dismissal of this action. The majority opinion directly addressed the argument, echoed here by Doe, that its interpretation could preclude review of all USCIS denials of discretionary relief when §1252(a)(2)(D) is inapplicable:

> The reviewability of such decisions is not before us, and we do not decide it. But it is possible that Congress did, in fact, intend to close that door. The post-*St. Cyr* amendments expressly extended the jurisdictional bar to judgments made outside of removal proceedings at the same time that they preserved review of legal and constitutional questions made within removal proceedings. And foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief . . . Instead, [the parties] urge us to interpret § 1252(a)(2)(B)(i) to avoid the risk of this result. Yet we inevitably swerve out of our lane when we put policy considerations in the driver's seat. As we have emphasized many times before, policy concerns cannot trump the best interpretation of the statutory text.

*Id.* at 1626–27 (citations omitted). Doe's policy concerns cannot override the statute's plain meaning.

Doe also claims that 1252(a)(2)(B)(i) and *Patel* are inapplicable as § 1252(a)(2)(D) restores jurisdiction. This argument contradicts the plain language of subsection (D) which is limited to "constitutional claims or questions of law raised upon a petition for review filed with an appropriate *court of appeals* in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). *Orwa A. v. Whitaker* interpreted this language not to apply to the district courts. No. 18-cv-2043, 2018 WL 6492353, at *7 (D. Minn. Dec. 10, 2018)*, aff'd, Al-Saadoon v. Barr*, 973 F.3d 794, 802 (8th Cir. 2020). Subsection (D)'s

8

jurisdictional exception is expressly limited to review by courts of appeals. *Id.* (citing *Bah v. Cangemi*, 489 F. Supp. 2d 905, 913 (D. Minn. 2007); *Djodeir v. Mayorkas*, 657 F. Supp. 2d 22, 23–24 (D.D.C. 2009)).

Further, in Count Nine, Doe requests mandamus relief under 28 U.S.C. § 1361. Compl. ¶ 163.  This is only available in extraordinary situations, in which the plaintiff can establish (1) a clear and indisputable right to the relief sought, (2) that the defendant has a nondiscretionary duty to honor that right, and (3) there is no other adequate remedy. *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016).  "Since decisions regarding the evaluation of an alien's application for adjustment of status are within the Attorney General's discretion, section 1252(a)(2)(B) prohibits this Court from entertaining Plaintiff's requests for relief in the nature of a writ of mandamus." *Sarvestani v. Chertoff*, No. 4:06-cv-1807, 2007 WL 1774439, **3–4 (E.D. Mo. June 18, 2007).

In sum, the language of § 1252(a)(2)(B)(i) provides that no court will have jurisdiction to review judgments regarding the granting of relief under § 1255.  Doe applied for relief under § 1255(m).  USCIS's denial falls within the language of this jurisdictional bar.  Further, the Supreme Court broadly interpreted the phrase "any judgment" in *Patel* to include any judgment relating to the granting of relief. *Patel*, 142 S. Ct. at 1622.  Finally, the Eighth Circuit's *J.M.O.* decision held that USCIS denials of I-485 applications were included in § 1252(a)(2)(B)(i)'s jurisdictional bar. *J.M.O.*, 3 F.4th at 1063.

Counts Three and Four allege violations of the APA.  The APA's "provisions for judicial review do not apply when (1) a statute precludes judicial review, or (2) agency action is committed to agency discretion by law." *Tamenut v. Mukasey*, 521 F.3d 1000,

1003 (8th Cir. 2008) (en banc) (citing 5 U.S.C. § 701(a)(1)).  Here, a statute precludes judicial review.  For these reasons, Counts Three, Four, and Nine will be dismissed for lack of subject-matter jurisdiction.

B

Consider next whether there is subject-matter jurisdiction over Counts One, Six, and Seven of Doe's Complaint, which relate to USCIS's denial of his I-539 application to extend his U-nonimmigrant status.  Count One alleges that Defendants violated the APA.  Compl. ¶¶ 99–105.  Counts Six and Seven allege that Defendants violated the Immigration and Nationality Act ("INA") by failing to apply the statutory language of 8 U.S.C. § 1184(p)(6) in a legally permissible manner.  *Id.* ¶¶ 135–49.

Here, too, subject-matter jurisdiction over these claims is lacking as 8 U.S.C. § 1252(a)(2)(B)(ii) bars jurisdiction.  Using broader language than that used in romanette (i), this provision provides:

> **(B) Denials of discretionary relief.** Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
> . . .
> **(ii)** any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).  The authority to decide whether to extend U-nonimmigrant status to an applicant is assigned to the Secretary of Homeland Security (and thus USCIS),

by another statute, 8 U.S.C. § 1184(p)(6).[2] *See* 8 C.F.R. § 214.14(c)(1) (delegating the Secretary's authority to USCIS). If the denial of Doe's I-539 application by USCIS was discretionary under 8 U.S.C. § 1184(p)(6), then this Court lacks subject-matter jurisdiction under the plain language of 8 U.S.C. § 1252(a)(2)(B)(ii).

Under § 1184(p)(6), the Secretary "*may* extend, beyond the 4-year period authorized under this section, the authorized period of status of an alien as a nonimmigrant . . . *if the Secretary determines* that an extension of such period is warranted due to exceptional circumstances." 8 U.S.C. § 1184(p)(6) (emphasis added). Use of the word "may" suggests authorization without obligation, and thus discretion. *See Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020); *see also J.M.O.*, 3 F.4th at 1063–64 (rejecting the "counter-intuitive argument" that the word "may" means "shall" for purposes of § 1255(m)). It is also consistent with how the overall statute has been interpreted. Courts have largely interpreted the word "may" in other provisions of § 1184(p)(6) to afford agency discretion. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 366–67 (4th Cir. 2021); *Uranga v. USCIS*, 490 F. Supp. 3d 86, 97–101 (D.D.C. 2020). *But see Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 443 (6th Cir. 2022) ("We further hold that 5 U.S.C. § 701(a)(1), 8 U.S.C. § 1252(a)(2)(B)(ii), and 5 U.S.C. § 701(a)(2) do not prevent the federal courts from reviewing claims that USCIS has unreasonably delayed placing

---

[2] The phrase "this subchapter" in 8 U.S.C. § 1252(a)(2)(B)(ii) "refers to Title 8, Chapter 12, Subchapter II, of the United States Code, codified at 8 U.S.C. §§ 1151-1381 and titled 'Immigration.'" *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010). The statute in question, 8 U.S.C. § 1184(p)(6), falls under this subchapter.

principal petitioners on the U-visa waitlist and adjudicating prewaitlist work-authorization applications." *Id.* at 435–36).

Doe claims that USCIS's denial of his I-539 application was not an exercise of discretion, as the agency did not purport to involve the exercise of discretion in its denial; rather, the agency premised its decision on his statutory ineligibility for adjustment under 8 U.S.C. § 1255(m). He instead characterizes the denial as an erroneous application of law to undisputed facts. Doe's characterization does not address the fact that the ultimate decision about whether to extend U-nonimmigrant status rests with the Secretary under § 1184(p)(6). Further, 8 U.S.C. § 1255(m) is, itself, discretionary. *See J.M.O.*, 3 F.4th at 1063–64.

Doe also relies on *Perez Perez v. Wolf*, 943 F.3d 853 (9th Cir. 2019) which involved judicial review of a non-discretionary portion of the initial U-nonimmigrant application and eligibility determination. This decision focused on 8 U.S.C. § 1184(p)(4) which provides that the Attorney General "*shall* consider any credible evidence relevant to the petition." 8 U.S.C. § 1184(p)(4) (emphasis added). In that case, the petitioner alleged that USCIS failed to consider all credible evidence in his application. *Id.* at 859. That is not the case here.

Doe argues that there is jurisdiction because discretionary decisions are not insulated from review where a constitutional or legal question arises. He relies on *Barco-Sandoval v. Gonzalez* to support his claim that a constitutional claim or question of law may arise when there is an error of law or where a discretionary decision is argued to be an abuse of discretion. *See Barco-Sandoval v. Gonzalez*, 516 F.3d 35, 39 (2d Cir. 2008).

Yet the Second Circuit ultimately concluded that "a petitioner cannot 'us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Id.* The court dismissed the petitioner's claim for lack of jurisdiction, as he failed to raise a nonfrivolous question of law the court of appeals could consider under § 1252(a)(2)(D). *Id.* at 42. While not outright citing it, Doe is invoking the language of 8 U.S.C. § 1252(a)(2)(D), which provides an exception to the jurisdictional bar for courts of appeals to review constitutional claims or questions of law. As discussed above, § 1252(a)(2)(D) does not provide district courts with jurisdiction, as its scope is limited to courts of appeals. *Orwa A. v. Whitaker*, No. 18-cv-2043, 2018 WL 6492353, at *7 (D. Minn. Dec. 10, 2018), *aff'd, Al-Saadoon v. Barr*, 973 F.3d 794, 802 (8th Cir. 2020).

In short, the Secretary of Homeland Security, and in turn USCIS, have discretion to extend U-nonimmigrant status if they determine that an extension is warranted due to exceptional circumstances. *See* 8 U.S.C. § 1184(p)(6). Federal courts are barred from judicial review of any decisions or actions that fall within the discretion of the Secretary. 8 U.S.C. § 1252(a)(2)(B)(ii). As USCIS's decision to deny Doe's I-539 application was discretionary, there is no subject-matter jurisdiction over Counts One, Six, and Seven of his Complaint.

13

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss [ECF No. 24] is **GRANTED**; and

2. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 23, 2022

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court